# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEL NABEEL ALI ABDULLA, an individual; ABDUL MOHAMED, an individual; and ECONOMY MARKET, a California partnership,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 1:19-cv-00543-AWI-SKO<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(Doc. No. 14) |

## **INTRODUCTION**

Plaintiffs Adel Nabeel Ali Abdulla and Abdul Mohamed ("Plaintiffs") own a grocery store that was disqualified from the Supplemental Nutrition Assistance Program ("SNAP") by the Food and Nutrition Service ("FNS") based on a disqualification from California's Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC"). Plaintiffs filed suit for judicial review of the disqualification and denial of a civil monetary penalty in lieu of the disqualification, and Defendant United States of America ("United States") brought the instant motion for summary judgment. For the reasons set forth below, the Court will dismiss this action in its entirety for lack of subject matter jurisdiction.

## **BACKGROUND**

SNAP is intended "to promote the general welfare, [and] to safeguard the health and well-being of the Nation's population by raising the levels of nutrition among low-income households."

7 U.S.C. § 2011. Persons eligible for SNAP can redeem SNAP benefits for food items at stores that have been approved to participate in the program. Id. § 2013(a). SNAP is administered by the FNS on behalf of the United States Department of Agriculture ("USDA"). Wong v. United States, 859 F.2d 129, 130 (9th Cir. 1988). Stores who run afoul of SNAP regulations face disqualification or monetary penalty. 7 U.S.C. §§ 2018 & 2021(a); 7 C.F.R. §§ 278.2(a) & 278.6(a).

WIC is a program related to SNAP that provides food and education relating to nutrition to at-risk pregnant, postpartum and breast-feeding women, as well as infants and young children from low-income families. See 42 U.S.C. § 1786(a); Cal. Health & Safety Code §§ 123275 *et seq*. The WIC program in California is administered by the California Department of Public Health ("DPH") pursuant to relevant provisions in California's Health and Safety Code. See Jungil Kim v. United States, 2016 WL 7647669, at *1 (C.D. Cal. July 27, 2016); see also, Cal. Health & Safety Code § 123280. A store that is disqualified from WIC is subject to reciprocal disqualification or a civil monetary penalty under SNAP, depending on the circumstances. 7 U.S.C. § 2021(g); 7 C.F.R. §§ 278.6(e)(8), (f)(1).

Plaintiffs are the owners of Economy Market, a "medium grocery store" in Selma, California. Doc. No. 1 ¶¶ 1-2. On June 26, 2018, DPH temporarily disqualified Economy Market from WIC for overcharging, Administrative Record (lodged with the Court on December 17, 2019) ("A.R.") 81-92, and on March 22, 2019, the FNS issued a Final Agency Decision affirming a reciprocal disqualification of Economy Market from SNAP pursuant to 7 C.F.R. § 278.6(e)(8) based on the WIC disqualification. A.R. 159-163.

Plaintiffs filed this action on April 26, 2019. Doc. No. 1. The one count alleged in the Complaint – which remains the operative pleading in this action – seeks "*de novo* judicial review of the denial of a Hardship Civil Money Penalty in lieu of … disqualification." Doc. No. 1 ¶ 39. Plaintiffs allege that the FNS "errantly found that the disqualification of the Plaintiff's store would not cause an undue hardship upon the local population," id. ¶ 40; that "the local population would be limited in their food options and availability in the absence of the Plaintiffs' store," id. ¶ 41; and that, consequently, "the three (3) year disqualification against the Plaintiffs should be set aside by this Court in favor of the issuance of a Hardship [Civil Monetary Penalty] …." Id. ¶ 42.

1 Further, the Complaint calls for the Court to "conduct a Judicial Review of the Defendant's three
2 (3) year disqualification of the Plaintiffs, and subsequently enter Judgment against the Defendant
3 for improperly disqualifying the Plaintiffs for three (3) years …." Id. at 10:10-19.

4     The United States brought a motion for summary judgment on December 17, 2019,
5 arguing, in essence, that the Court generally lacks jurisdiction as to SNAP actions based on WIC
6 disqualification, and that, in any event, there is no dispute that "FNS's decision to temporarily
7 disqualify [Economy Market] from SNAP was properly and legally rendered." Doc. No. 14-1 at
8 2:11-13 & Part B.

## LEGAL STANDARD

10     Although the United States seeks summary judgment pursuant to Rule 56 of the Federal
11 Rules of Civil Procedure, its motion also raises questions as to the Court's jurisdiction over the
12 two issues – namely disqualification and "denial" of a civil money penalty in lieu of
13 disqualification – that Plaintiffs raise in the Complaint and in their opposition to the United States'
14 motion for summary judgment.

15     Federal subject matter jurisdiction is a threshold issue that goes to the power of a court to
16 hear a case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). "Without jurisdiction
17 the court cannot proceed at all in any cause." Id. (citation and internal quotation marks omitted).
18 "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining
19 to the court is that of announcing the fact and dismissing the cause." Id. (citation and internal
20 quotation marks omitted).

21     Accordingly, federal courts are under a continuing duty to confirm their jurisdictional
22 power and are even "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence
23 …." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations
24 omitted); Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991) (stating that even where
25 neither party contests subject matter jurisdiction, courts are "bound to address it *sua sponte* if it is
26 questionable"). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the
27 court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514
28 (2006).

# ANALYSIS

"The United States is immune from suit unless it consents to waive its sovereign immunity." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) (citing Lehman v. Nakshian, 453 U.S. 156, 160 (1981)). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities," id. (citing South Delta Water Agency v. U.S., Department of Interior, 767 F.2d 531, 536 (9th Cir.1985)), and "[t]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. (citing Lehman, 453 U.S. at 160).

The scope of a court's jurisdiction in connection with SNAP is defined by 7 U.S.C. § 2023 and 7 U.S.C § 2021. See Salmo v. U.S. Dep't of Agric., 226 F. Supp. 2d 1234, 1235–36 (S.D. Cal. 2002) (citing Shoulders v. United States Department of Agriculture, 878 F.2d 141, 143 (4th Cir. 1989)); see also, Gallo Cattle Company v. United States Dept. of Agriculture, 159 F.3d 1194, 1197 (9th Cir.1998) (statute providing for judicial review of USDA's Dairy Promotion Program defines scope of federal court's subject matter jurisdiction as to such program).

7 U.S.C. § 2023 provides for judicial review of a finite set of FNS actions in connection with SNAP, including FNS actions resulting in denial of an application to participate in SNAP pursuant to 7 U.S.C. § 2018; forfeiture of a bond under 7 U.S.C. § 2021(d); denial of a store claim (or part of a claim) under 7 U.S.C. § 2022; and, of particular relevance to this case, disqualification or imposition of a civil monetary penalty under 7 U.S.C. § 2021. See 7 U.S.C. § 2023(a)(1), (a)(13).

Under 7 U.S.C. § 2023, a store "aggrieved" by any of the foregoing actions may "file a written request for an opportunity to submit information in support of its position" prior to a final administrative determination and to "obtain judicial review" of "such final determination" in state or federal court. 7 U.S.C. § 2023(a)(3), (a)(13). Thus, 7 U.S.C. § 2023(a)(13) "provides a limited waiver of sovereign immunity" with respect to certain aspects of SNAP administration. Twin Grocery v. Deegan, 2017 WL 2362410, at *4 (E.D. Pa. May 31, 2017).

7 U.S.C. § 2021, for its part, states that "[t]he Secretary [of the United States Department of Agriculture] shall issue regulations providing criteria for the disqualification … of an approved

4

retail food store or a wholesale food concern that is disqualified from accepting benefits under [WIC]," 7 U.S.C. § 2021(g)(1), and that, "notwithstanding" 7 U.S.C. § 2023, such a disqualification "shall not be subject to judicial or administrative review." Id. § 2021(g)(2)(C).

As to the regulations promulgated pursuant to 7 U.S.C. 2021(g)(1)-(2), 7 C.F.R § 278.6(e)(8) states that "FNS shall disqualify from SNAP any firm which is disqualified from the WIC Program" (subject to certain additional criteria that are not relevant here); 7 C.F.R. § 278.6(e)(8)(ii) states that "FNS shall not disqualify a firm from SNAP on the basis of a WIC disqualification unless … [a] determination is made … that such action will not cause a hardship for participating SNAP households"; and 7 C.F.R § 278.6(e)(8)(iii)(C) states that a "SNAP disqualification" pursuant to 7 C.F.R. § 278.6(e)(8) "[s]hall not be subject to administrative or judicial review under SNAP."

As set forth below, the Court finds that these provisions do not allow for judicial review of SNAP disqualification or the "denial" of a civil monetary penalty in lieu of SNAP disqualification where FNS action is predicated on a WIC disqualification and that this action must therefore be dismissed, in its entirety, for lack of subject matter jurisdiction.

### I. Judicial Review of SNAP Disqualification Based on WIC Disqualification

The Court first addresses Plaintiffs' plea "pursuant to 7 U.S.C. § 2023 for a judicial review of the … decision to disqualify [Economy Market] from participation in" SNAP. Doc. No. 15-1 at 1:24-28.

The United States contends that no judicial review of the FNS's decision to disqualify the store is available because 7 U.S.C. § 2021(g)(2)(C) "unequivocally prohibits review of reciprocal disqualifications from SNAP resulting from WIC violations." Doc. No. 14-1 at 3:20-23 (quoting Hamdi Halal Market LLC v. United States, 947 F. Supp. 2d 159, 162 (D. Mass. 2013) (internal quotation marks omitted)).

Plaintiffs, on the other hand, argue based on *Goldstein v. United States*, 9 F.3d 521 (6th Cir. 1993) that the Court has jurisdiction to review Economy Market's reciprocal SNAP disqualification despite 7 U.S.C. § 2021(g)(2)(C) because Plaintiffs are merely challenging the application of SNAP regulations and are not challenging "the factual contents of the

5

disqualification." Doc. No. 15-1 at 4:1-7. Specifically, Plaintiffs acknowledge that the overcharge violations on which the WIC disqualification was predicated took place but contend that they do not constitute a "pattern" of wrongdoing, as required for SNAP disqualification under 7 C.F.R. § 278.6(e)(8)(i)(E). Doc. No. 15-1 at 7:9-9:27. And Plaintiffs do not dispute the contents of the notice issued in connection with the WIC disqualification but contend that said notice did not constitute the "individual and specific" notice of potential reciprocal SNAP disqualification required under 7 C.F.R § 278.6(e)(8)(ii)(A). Id. at 10:2-11:19.

*Goldstein* has no applicability to this case, however, because it deals solely with jurisdiction under 7 U.S.C. § 2023 in connection with FNS action based on direct violations of SNAP regulations, with no reference at all to reciprocal SNAP disqualifications based on WIC disqualifications. See Dasmesh Enterprises, Inc. v. United States, 501 F. Supp. 2d 1033, 1038 (W.D. Mich. 2007) (finding that *Goldstein* did not address "mandatory reciprocal disqualification … based a disqualification from the WIC Program"); see also, Islam Corp. v. Johanns, 2007 WL 1520930, at *2 (W.D. Ky. May 21, 2007) (finding *Goldstein* did not deal with SNAP disqualification based on WIC disqualification). Indeed, *Goldstein* was decided three years before 7 U.S.C. § 2021(g)(1) (providing for reciprocal SNAP disqualification based on WIC disqualification) and 7 U.S.C. § 2021(g)(2)(C) (denying courts jurisdiction over such disqualifications) were enacted by Congress in 1996. See Simone Enterprises, LLC v. U.S. Dep't of Agric., 2011 WL 3236222, at *2–3 (E.D. Wis. July 27, 2011) (stating that 7 U.S.C. § 2021(g)(1)-(2) were enacted in 1996); see also, Islam Corp., 2007 WL 1520930, at *2 (disregarding cases "decided before the 1996 amendments to 7 U.S.C. § 2021" in performing jurisdiction analysis).

Consistent with the plain language of 7 U.S.C. § 2021(g)(2)(C) and its regulatory counterpart, 7 C.F.R. § 278.6(e)(8)(iii)(C), courts uniformly hold that reciprocal SNAP disqualification based on WIC disqualification pursuant to 7 C.F.R. § 278.6(e)(8) is not subject to judicial review. See e.g, Hamdi Halal Market, 947 F. Supp. 2d at 162; M.J. Martins Enterprises, Inc. v. U.S. Dep't of Agric., 881 F. Supp. 2d 229, 231 (D. Mass. 2012) ("In light of the clear statutory command and uniform judicial consensus, this Court concludes that it lacks subject-

6

matter jurisdiction to review the plaintiff's reciprocal disqualification from SNAP."); <u>Simone Enterprises</u>, 2011 WL 3236222, at *2–3 ("Based on the plain language of the relevant statute and applicable regulations, as well as persuasive case law addressing the issue, the court finds that it does not have jurisdiction to review the petitioner's reciprocal disqualification from SNAP."); <u>Islam Corp.</u>, 2007 WL 1520930, at *3 (dismissing case for lack of subject matter jurisdiction where SNAP disqualification was based on WIC disqualification); <u>Dasmesh</u>, 501 F. Supp. 2d at 1039 (dismissing for lack of subject-matter jurisdiction plaintiff's challenge to a reciprocal SNAP disqualification); <u>Salmo</u>, 226 F. Supp. 2d at 1237 ("Congress has unambiguously stated that decisions by the FNS disqualifying a store from participating in [SNAP] as a result of a prior WIC disqualification are not subject to administrative or judicial review."); <u>Guzman v. U.S. Dep't of Agric. Food & Nutrition Serv.</u>, 931 F. Supp. 2d 488, 495 (S.D.N.Y. 2013) (finding that 7 U.S.C. § 2021(g)(2)(C) and 7 C.F.R. § 278.6(e)(8)(iii)(C) "plainly preclude judicial review of a SNAP disqualification that is premised on an earlier WIC disqualification").

Plaintiffs have provided no authority to support their contention that this Court has jurisdiction to test facts underlying the WIC disqualification against SNAP regulations or otherwise investigate or evaluate the reciprocal disqualification at issue in this case. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994) (finding that "the burden of establishing [jurisdiction] rests upon the party asserting jurisdiction" (citations omitted)). The Court therefore dismisses this action for lack of subject matter jurisdiction to the extent the Complaint seeks review of Economy Market's SNAP disqualification under 7 U.S.C. § 278.6(e)(8).

**II.**     **Judicial Review of Denial of Civil Monetary Penalty in Lieu of Disqualification**

The Court turns now to Plaintiffs' request for "judicial review of the denial of a Hardship Civil Monetary Penalty in lieu of … disqualification." <u>See</u> Doc. No. 1 ¶ 39.

The United States asserts that district courts are divided on the question of whether judicial review is available here, Doc. No. 14-1 at 4:12-22, while Plaintiffs cite two cases finding that courts have jurisdiction over decisions not to impose civil monetary penalties in lieu of disqualification in FNS actions arising from WIC disqualifications. Doc. No. 15-1 at 4:1-15 (citing

7

1 Guzman, 931 F. Supp. 2d at 495 and Dasmesh, 501 F. Supp. 2d at 1033). In the first of these
2 cases, *Guzman v. U.S. Department of Agriculture*, the court found that the "FNS had discretion to
3 choose whether to disqualify [the store in question] or subject [it] to a civil monetary penalty"
4 subject to review under an "arbitrary or capricious" standard. 931 F. Supp. 2d at 495. And the
5 other case, *Dasmesh Enterprises, Inc. v. United States*, found that courts have jurisdiction to
6 determine whether the FNS conducted a hardship assessment prior to choosing between
7 disqualification and a civil monetary penalty. 501 F. Supp. 2d at 1039.

In the Court's view, however, these cases rest on a false distinction between disqualification, on the one hand, and denial of a civil monetary penalty in lieu of disqualification, on the other, and erroneously assume that the FNS has discretion to substitute a civil monetary penalty for disqualification in actions arising from WIC disqualification.

With respect to reciprocal disqualification, applicable regulations state that: "FNS *shall disqualify* from SNAP any firm which is disqualified from the WIC Program" (provided one or more additional criteria irrelevant to this analysis are satisfied), 7 C.F.R. § 278.6(e)(8)(i) (emphasis added); that "FNS *shall not disqualify* a firm from SNAP on the basis of a WIC disqualification *unless* … [a] determination is made … that such action *will not cause a hardship* for participating SNAP households," 7 C.F.R. § 278.6(e)(8)(ii)(C) (emphasis added); and that "a SNAP disqualification" pursuant to 7 C.F.R. § 278.6(e)(8) "[s]hall not be subject to … judicial review under SNAP." 7 C.F.R. § 278.6(e)(8)(iii)(C).

As to civil monetary penalties, 7 C.F.R. § 278.6(a) states (emphasis added): "FNS may, in lieu of a disqualification, subject a firm to a civil monetary penalty … *if FNS determines that a disqualification would cause hardship* to participating households." And 7 C.F.R. § 278.6(f)(1) states (emphasis added):

> FNS *may impose a civil monetary penalty as a sanction in lieu of disqualification* when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's *disqualification would cause hardship* to SNAP households ….

The FNS, therefore, can take no action at all in connection with a WIC disqualification without first making a hardship determination. If the FNS determines, in an action arising from

8

1  WIC disqualification, that SNAP disqualification would not cause hardship for SNAP households,
2  reciprocal disqualification is mandated and the FNS has no discretion to substitute a civil
3  monetary penalty (or any other sanction). See 7 C.F.R. § 278.6(e)(8)(i)-(ii). And if, conversely, the
4  FNS determines in an action arising from a WIC disqualification that SNAP disqualification
5  would cause hardship for SNAP households, the regulations allow FNS to impose a civil monetary
6  penalty (or no sanction at all), but expressly prohibit disqualification. See 7 C.F.R. §§ 278.6(a),
7  (f)(1), (e)(8)(ii).

8  Consequently, the Court sees no scenario arising from a WIC disqualification (as opposed
9  to a direct violation of SNAP regulations[1]) where the FNS has discretion to impose a civil
10 monetary penalty "in lieu of disqualification." At least in the context of an action arising from a
11 WIC disqualification, the sanction flows from the outcome of the hardship assessment required by
12 7 C.F.R. § 278.6(e)(8)(ii), and the two sanctions in question – disqualification and civil monetary
13 penalty – are never interchangeable. Thus, as to FNS action predicated on a WIC disqualification,
14 "denial of a civil monetary penalty in lieu of disqualification" – or a "decision not to impose a
15 civil monetary penalty in lieu of disqualification" – is, at best, another way of referring to
16 reciprocal disqualification. And where, as here, a plaintiff putatively seeks review of the "denial"
17 of a civil monetary penalty in lieu of SNAP disqualification based on WIC disqualification, that
18 plaintiff is necessarily seeking (as the Complaint in this case amply demonstrates[2]) review of the 7
19 U.S.C. § 278.6(e)(8) disqualification itself. As set forth *supra* in Part I, the Court has no power to
20 provide such review, see Salmo, 226 F. Supp. 2d at 1235–36, and this case must therefore be

---

[1] Unlike reciprocal disqualifications based on WIC disqualifications under 7 C.F.R. § 278.6(e)(8), disqualifications for direct violations of SNAP regulations do not require a threshold determination that "such action will not cause a hardship for participating SNAP households." See 7 C.F.R. § 278.6(e). Therefore, in actions arising from direct violation of SNAP regulations, the FNS could well find itself with discretion to impose a civil monetary penalty in lieu of disqualification after the fact, based on a hardship analysis that is separate from and subsequent to the initial disqualification determination. Cases such as those cited by Plaintiffs that allow for limited judicial review of sanction selection (after a predicate liability determination has been made) make sense in that context.

[2] See, e.g. Doc. No. 1 ¶ 39 (seeking "*de novo* judicial review of the denial of a Hardship Civil Money Penalty in lieu of … disqualification"); id. ¶ 40 (alleging that the FNS "errantly found that the disqualification of the Plaintiff's store would not cause an undue hardship upon the local population"); id. ¶ 42 (arguing that "the three (3) year disqualification against the Plaintiffs should be set aside by this Court in favor of the issuance of a Hardship CMP …."); id. 10:10-19 (calling for the Court to "conduct a Judicial Review of the Defendant's three (3) year disqualification of the Plaintiffs, and subsequently enter Judgment against the Defendant for improperly disqualifying the Plaintiffs for three (3) years ….").

9

dismissed for lack of subject matter jurisdiction to the extent it concerns "denial" of a civil monetary penalty in lieu of disqualification.

## **CONCLUSION**

For the foregoing reasons, the Court finds it lacks jurisdiction over either of the issues presented by Plaintiffs in the Complaint and their opposition to the United States' motion for summary judgment. Plaintiffs have not identified – and, after thorough review, the Court cannot find – any other causes of action in the Complaint. The Court is therefore constrained to dismiss this action in its entirety for lack of subject matter jurisdiction. See Arbaugh, 546 U.S. at 514.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED for lack of subject matter jurisdiction;
2. Defendant's motion for summary judgment (Doc. No. 14) is DENIED as moot in light of the Court's jurisdictional findings;
3. All currently set dates and deadlines, including the trial date, are VACATED; and
4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: March 10, 2020

_____
SENIOR DISTRICT JUDGE